**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

November 19, 2009

Paul R. Schlitz, Jr. ,Esq.
Jenkins, Block & Assocs. PC
1040 Park Avenue
Suite 206
Baltimore, MD  21201

Allen F. Loucks, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD  21201

**Re: Kim Faulcon v. Michael J. Astrue, Commissioner of Social Security, PWG-08-1661**

Dear Counsel:

Presently pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Ms. Faulcon's claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (Paper Nos. 8, 18, 22). The Plaintiff also filed a response in opposition to Defendant's Motion. (Paper No. 23). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Ms. Faulcon ("Claimant") applied for SSI and DIB on July 26, 2005, alleging that she was disabled due to cerebral palsy, borderline intellectual functioning, affective disorders, an adjustment disorder, hypertension, and mental retardation.(Tr. 129, 139, 177). Her claims were denied initially and upon reconsideration. (Tr. 55-75).  After a hearing held before an Administrative Law Judge("ALJ"), the Honorable Judith A. Showalter on January 26, 2007, the ALJ denied Ms. Faulcon's claims and concluded in a decision dated April 23, 2007, that Claimant suffered from depression, borderline intellectual functioning, and

mild residuals of cerebral palsy and that they were "severe" impairments.  The ALJ found however that these impairments did not meet or equal any of the Listing of Impairments("LOI").  The ALJ found Ms. Faulcon retained the residual functional capacity ("RFC") to perform a substantial range of light work[1].  Based on her RFC the ALJ found that she was precluded from performing her past relevant work ("PRW").  After receiving testimony from a vocational expert ("VE"), the ALJ found that there were jobs available in the national and local economies, existing in substantial numbers, which Claimant could perform[2]. Accordingly, the ALJ found Claimant was not disabled.(Tr. 14-25).  On April 22, 2008, the Appeals Council denied Claimant's request for review, making her case ready for judicial review. (Tr. 2-5).

Claimant argues, *inter alia,* that the ALJ erred in determining her RFC and in finding that there was work she could perform. She argues that the ALJ failed adequately to consider all of the medical opinions of record, improperly rejected the opinions of Dr. Dimitrova, Dr. Prasad and in erred in presenting hypotheticals to the vocational expert.  As explained below, I am persuaded by some, but not all[3], of Claimant arguments and conclude that the ALJ's decision is not supported by substantial evidence, and therefore DENY the Commissioner's Motion and GRANT the Plaintiff's Alternative Motion for Remand.

In this case it is undisputed that Ms. Faulcon has depression and borderline intellectual functioning, and that these were "severe" impairments.  The Court finds however that the ALJ erred at steps four and five of the sequential evaluation in evaluating Ms. Faulcon's mental RFC and in presenting hypothetical to the VE. The ALJ failed to discuss whether she considered properly all of the evidence in determining Claimant's RFC.  The ALJ found Ms.

---

[1] The ALJ found Claimant could: occasionally climb stairs, ramps, ladders, ropes, and scaffolds and was "limited to simple, unskilled work that was not production paced and was low stress, defined as having only occasional changes in the work setting and requiring only occasional decision making or using judgment." (Tr. 19).

[2] The ALJ found she could perform work as a packer, housekeeper, and inspector. (Tr. 24).

[3] The Claimant's rather convoluted argument that the ALJ's consideration of state agency physician Dr. William Hakkrinen's medical opinions is indicative of "flagrant administrative due process violations" is unpersuasive, but because I am ordering a remand, I will not discuss this issue.

2

Faulcon's RFC was as follows:

> The Claimant has the residual functional capacity to perform a substantial range of light work. She is occasionally able to climb stairs, ramps, ladders, ropes, and scaffolds and is "limited to simple, unskilled work that was not production paced and was low stress which is defined as having only occasional changes in the work setting and requiring only occasional decision making or using judgment." (Tr. 19).

In this case the ALJ documented her specific findings as to the degree of limitation in each of the four areas of functioning described in paragraph (c) of §§404. 1520a, 416.920a[4].(Tr. 18-19). However the ALJ's discussion of Ms. Faulcon's mental limitations at steps two and three was not an RFC assessment[5], and did not satisfy the ALJ's duties at step 4 of the sequential evaluation.  SSR 96-8p, in relevant part, states as follows:

> [T]he adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria **are not an RFC assessment** but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. **The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process require a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF**. SSR 96-8p (1996 WL 374184, *4(S.S.A.)).(Emphasis added).

---

[4] The ALJ found that Ms. Faulcon had the following limitations: "mildly" limited in her activities of daily living; "mildly" limited in social functioning; "moderately" limited in ability to concentrate; and she experienced "no" episodes of decompensation. (Tr. 18-19).

[5] The Introduction to Listing 12.00 *Mental Disorders*, in relevant part, states: "**An assessment of your RFC <u>complements</u> the functional evaluation necessary for paragraphs B and C of the listings <u>by requiring consideration of an expanded list of work related capacities</u> that may be affected by mental disorders when your impairment is severe but neither meets nor is equivalent in severity to a listed mental impairment**." *See* 20 CFR Pt. 404, Subpt.P, App. 1 (emphasis added); *See also* SSR 96-8p (1996 WL 374184).

The primary problem in this case is the ALJ's failure to include any limitations with respect to Claimant's ability to engage in social functioning.  The ALJ stated that she afforded "significant weight" to the opinions found in the Medical Report completed by Dr. M. North, but then found that Ms. Faulcon had only "mild" limitations in the area of social functioning. (Tr. 23).  However this does not square with Dr. North's statement that Ms. Faulcon had "**moderate**" limitations in her ability **to maintain social functioning** and in maintaining concentration, persistence or pace. (Tr. 282)(emphasis added).  The ALJ also failed to discuss what weight, if any, she was affording the Mental Residual Functional Capacity Assessment–Exhibit 5-F completed by Dr. North[6].

This error is not inconsequential.  According to Social Security Ruling ("SSR") 96-8p, the mental activities required by competitive, remunerative, unskilled work include:

> Understanding, remembering and carrying out simple instructions.
> Making judgments that are commensurate with the functions of unskilled work-i.e., simple work related decisions.
> Responding appropriately to supervision co workers and usual work situations dealing with changes in the work setting.

(SSR 96-8p 1996 WL 374184 at *6)(Emphasis added).

Dr. North stated that Claimant was "moderately" limited in her abilities to:

> 1) sustain an ordinary routine without special supervision;
> 2) work in coordination with or in proximity to others without being distracted by them;
> 3) make simple work related decisions;
> 4) complete a normal work-day without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; and
> 5) get along with co workers or peers without distracting them or exhibiting behavioral extremes. (Tr. 287).

The above listed limitations found by Dr. North are clearly

---

[6]In her decision the ALJ mentioned only Exhibit 4-F.

4

relevant to unskilled work, but this evidence was not discussed by the ALJ in her decision and these limitations were not included in the hypothetical presented to the VE[7]. This error requires a remand. *Masch v. Barnhart,* 406 F. Supp. 1038, (E.D. Wis. 2005); *Millhouse v. Astrue*, 2009 WL 763740 (M.D. Fla.).

The RFC assessment **must always consider and address medical source opinions.** If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. SSR 96-8p (1996 WL 374184, *7) (S.S.A.))(emphasis added).  Since this evidence was not discussed by the ALJ--other than in a summary fashion--and since the ALJ did not perform the function-by-function assessment described in SSR 96-8p[8]--the undersigned has no way of knowing whether the ALJ properly considered this evidence and consequently whether this evidence supports, or conflicts with, the ALJ's finding regarding Ms. Faulcon's RFC. (Tr. 24, 26). All limits on work related activities resulting from the mental impairment must be described in the mental RFC assessment.  SSR 85-16 *Residual Functional Capacity for Mental Impairments* (1985 WL 56855, *2) (S.S.A.)).  Simply stated, it is not clear from his decision whether the ALJ properly evaluated Ms. Faulcon's impairments at the fourth or fifth step of the sequential evaluation. *See Baker v. Chater*, 957 F. Supp. 75, 79 (D. Md. 1996)(in evaluating the severity of mental impairments a special procedure must be followed by the Commissioner at each level of administrative review).  Accordingly, the Court is remanding this case for further consideration.

I also find the ALJ's basis for rejecting the opinions of Claimant's treating psychiatrists, Dr. Dimitrova and Dr. Prasad is not supported by substantial evidence.

---

[7]The hypothetical presented was:
[N]ow in this hypothetical this is an individual who has an unskilled work background. Would therefore be limited to only unskilled work. This individual would be limited to working at a light level of exertion. Only occasional climbing.  Work that would be, work that would not be at a production pace. By that I'm thinking like an assembly line or work that is paid by the piece.  Low stress work defined as only occasional changes in the work setting and only occasional need to make decision or to use judgment. (Tr. 52).

[8] SSR 96-8p, in relevant part, states: Initial failure to consider an individual's ability to perform the specific work-related functions could be critical to the outcome of a case. (1996 WL 374184, *3 (S.S.A.))

5

The ALJ found that the opinions of Doctors Dimitrova and Prasad were not entitled to any significant weight. (Tr. 21). The ALJ's rationale was that: 1)these opinions were on "fill-in-the-blank forms, with only marginal notes attached to them"; 2)the doctors did not "adequately consider the entire record" ; and 3)that their mental health treatment notes do not support the doctors allegations that she is completely impaired from working. (Tr. 22).

20 C.F.R § 404.1527(d) requires that the opinion of a treating physician be entitled to controlling weight if two conditions are met: 1) it is supported by medically acceptable clinical and laboratory diagnostic techniques; and 2) it is not inconsistent with other substantial evidence in the record. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). If the ALJ determines that the treating physician's opinion is not entitled to controlling weight, he or she must decide how much weight, if any, to give that opinion, and must provide "specific reasons" for that decision. SSR 96-2p (1996 WL 374188, *5). Pursuant to 20 C.F.R. § 404.1527, the ALJ must further consider various factors in assessing the amount of weight given to the treating physicians' opinions. These factors include: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; 3) the degree to which the physician's opinion is supported by relevant evidence; 4) consistency between the opinion and the record as a whole; 5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and 6)other factors brought to the Secretary's attention which tend to support or contradict the opinion. 20 C.F.R. § 416.927(d)(2)(i), (d)(2)(ii)(3)-(6); *See also* SSR 96-5p; SSR 96-2p.

The ALJ acknowledged Drs. Dimitrova and Prasad's opinions, but rejected them on a basis that inaccurately describes the factual record. Contrary to what the ALJ stated, the record contains over 62 pages of detailed treatment notes from Dr. Dimitrova's office and at least 10 pages from Dr. Prasad. *See* Exhibits 9-F 18-F, 20-F (Tr. 315-327, 372-437, 452-486). Even more problematic is the ALJ's statement -- without any factual basis to support it-- that Drs. Dimitrova and Prasad "did not adequately consider the entire record, including the statements of collateral sources, including the objective findings of other treating physicians." (Tr. 22). The ALJ did not cite -- nor does the undersigned find-- any evidence in the record to support the ALJ's conclusion that these treating doctors did not review the entire record or that they were required to do so in order to form an opinion.

The ALJ also failed to follow the procedure for weighing medical opinions as required by 20 C.F.R. § 416.927, for both

6

physicians.  As set forth above, there are six factors which should be considered when according weight to a physician's opinion.  The ALJ's rationale for dismissing Dr. Dimitrova's 2007 report failed to recognize that Claimant has been treated by Dr. Dimitrova since 2005.  When he issued his report, Dr. Prasad had been treating Ms. Faulcon since February 2005. (Tr. 315-327).

 Thus, for the reasons given, this Court GRANTS Ms. Faulcon's Alternative Motion for Remand and  DENIES the Commissioner's Motion for Summary Judgment.  A separate Order shall issue.

_____/s/_____
Paul W. Grimm
United States Magistrate Judge